UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESUS GARCIA CALLETANO,

        Petitioner,

    v.

PAMELA BONDI; KRISTI NOEM;
DEPARTMENT OF HOMELAND
SECURITY; TODD LYONS; LAURA
HERMOSILLA; UNITED STATES
IMMIGRATION AND CUSTOMS
ENFORCEMENT; RODNEY S.
SCOTT; BRUCE SCOTT; and
UNITED STATES CUSTOMS AND
BORDER PROTECTION,

        Respondents.

C26-342 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 1.  Having reviewed all papers filed in support of, and in opposition to, the habeas petition, the Court enters the following order.

**Background**

Petitioner Jesus Garcia Calletano has been detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington, since November 7, 2025.  See Form I-213, Pet.'s Ex. 2 (docket no. 1-1 at 9).

ORDER - 1

On November 14, 2025, Petitioner filed a petition for a writ of habeas corpus under case number 2:25-cv-02283-TMC. <u>See</u> Order, Pet.'s Ex. 13 (docket no. 1-1 at 147). On November 25, 2025, the Honorable Tiffany M. Cartwright granted the petition and ordered the respondents in that case to, within fourteen days after receiving Petitioner's request for a bond hearing, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) or release him. <u>Id.</u> (docket no. 1-1 at 152).

On December 8, 2025, a bond hearing, during which Petitioner was provided a Spanish interpreter, was held before an immigration judge. <u>See</u> Steveson Decl. at ⁋ 2 (docket no. 7). The Court has reviewed the audio recording of that hearing. <u>See</u> Ex. A to Steveson Decl. (docket nos. 7-1 & 8). Relevant to these habeas proceedings and after each party presented their positions to the immigration court, the following exchange took place between the immigration judge and Petitioner's bond hearing counsel:

| | |
|---|---|
| Court: | I do have a lot of concerns about the incident when the officers tried to apprehend him. . . . |
| Counsel: | Yes, Your Honor, I-I spoke with him about that. I did saw [sic] that in the I-213 where it talks about he locked the doors, rolled the window up, and he is very happy to speak to the court today about that. . . . When I spoke with him as his attorney, he did express to me a certain amount of fear but I don't want to testify today about how he felt. That's something that he can do himself today. |
| Court: | Well, I- His actions speak for themselves. The officers were identified and that's when he locked the doors and they had to break the window. |
| Counsel: | I think that there is a level of fear in the community when, you know, and if he is active on social media and he's seeing certain levels of aggression I-I'm not, you know, I don't see any of those things but those are things that we hear and that may be what he was operating under. |

ORDER - 2

Bond Hearing Audio Recording at 11:40–13:57. The immigration judge made the following finding: "[G]iven [Petitioner's] conduct during the apprehension that put himself and the officers at risk, I am going to find he is a danger and a flight risk." Id. at 16:03–16:25. The immigration judge denied Petitioner's request for bond and request for conditions. Decision and Order of the Immigration Judge, Ex. B to Steveson Decl. (docket no. 7-2 at 5).

On January 29, 2026, Petitioner filed the instant habeas petition, docket no. 1, alleging that his bonding hearing was constitutionally flawed and "not what Judge Cartwright had ordered," because "[t]he Immigration Judge did not allow Petitioner to testify at the hearing." Pet. at 1 (docket no. 1).[1]

**Discussion**

The Court has authority to grant a writ of habeas corpus to an individual who is in custody "in violation of the Constitution or law or treaties of the United States." See 28 U.S.C. § 2241(c)(3). Petitioner claims the immigration judge's "refusal to allow [him] to testify at his bond hearing deprived him of due process" in violation of the Fifth Amendment, and he was prejudiced. Pet. at 11, 21 (docket no. 1). "The Fifth Amendment guarantees due process in deportation proceedings." Colmenar v. INS, 210 F.3d 967, 971 (9th Cir. 2000). District courts have authority to review compliance with their earlier orders that conditionally grant habeas relief. Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011).

---

[1] Petitioner has not claimed, either in his previous habeas petition, see Pet. (case no. 2:25-cv-02283-TMC, docket no. 1), or in the habeas petition before this Court, that he was entitled to a pre-deprivation hearing before his current detention. See Pet. (docket no. 1).

ORDER - 3

In his traverse, Petitioner appears to retreat in part from his position that the immigration judge did not allow him to testify, and instead argues that his bond hearing counsel's decision to not challenge the immigration judge's statements about the circumstances of Petitioner's apprehension by officers was tactical: "It's not unusual that lawyers agree with a Court's stated positions about how the Court would like to proceed on a case. If counsel wishes to obtain a grant of a bond motion from an [immigration judge], the first thing to do might be not to disregard the Court's directions." Traverse at 1 (docket no. 9).

The Court disagrees with Petitioner's characterizations of what transpired at the bond hearing. First, Petitioner's bond hearing counsel did challenge the immigration judge's statements by discussing a level of fear in the community. Second, the immigration judge never indicated that she would like to proceed without Petitioner's testimony or ruled that Petitioner would not be permitted to testify. Lopez-Umanzor v. Gonzales, 405 F.3d 1049 (9th Cir. 2005), on which Petitioner relies, is therefore distinguishable. Id. at 1056 (holding that an immigration judge's refusal to hear testimony from the petitioner's experts violated due process where the immigration judge stated, "I don't—I don't believe that I want to hear any testimony from the experts, because—mainly because of the lateness of the hour"). A tactical choice to not affirmatively request an opportunity to testify based on a concern about agitating a court does not constitute a deprivation of an opportunity to testify in violation of due process. See generally Singh v. Holder, 586 F. App'x 293, 295 (9th Cir. 2014) (holding that the petitioner's due process rights were not violated when he was given ample opportunity to submit documents and could have requested to testify, but made a tactical choice not to

ORDER - 4

do so because he thought the immigration judge was going to award asylum). Notwithstanding bond hearing counsel's opening arguments and her above-quoted exchange with the immigration judge, Petitioner's bond hearing counsel never called Petitioner to testify; at most, she indicated Petitioner's willingness to testify.  See Bond Hearing Audio Recording at 2:42–6:20 & 11:40–13:57.  Petitioner's due process right to testify was not violated during his bond hearing.

Petitioner's remaining arguments, which are anchored by the assertion that he was not permitted to testify, appear to urge the Court to reweigh the evidence before the immigration judge or consider new evidence.  See Pet. at 1–2 (docket no. 1); Traverse at 2–3 (docket no. 9).  Respondents argue that the Court has no jurisdiction to consider Petitioner's arguments because they are barred under 8 U.S.C. § 1226(e).  Return at 5–7 (docket no. 6).  The Court agrees.

8 U.S.C. § 1226(e) states, "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  Petitioner does not address § 1226(e) in any of his filings.  The mandate and scope of the statute are clear, and the Court concludes that it lacks jurisdiction to consider Petitioner's remaining arguments.[2]

---

[2] As a result, the Court need not and does not address the parties' arguments concerning Petitioner's exhaustion of administrative remedies.

ORDER - 5

Regardless of the outcome of his current habeas petition, Petitioner separately requests an order that he not be transferred from this district while his immigration proceedings are ongoing, unless a transfer is for the purpose of releasing him to his home in Portland, Oregon.  Traverse at 2–4 (docket no. 9).  Petitioner's counsel stated that he would have "a lot more difficulty having access to Petitioner and preparing him for said [immigration] hearing and difficulty in getting his wife to that hearing as well" if Petitioner was transferred to Texas, Mississippi, or some other jurisdiction.  Id. at 3–4.  The Court, however, construes Petitioner's request as moot.  In two notices of supplemental facts, docket nos. 10 & 11, Petitioner indicates that, following a hearing, an immigration judge denied his application for cancellation of removal for certain nonpermanent residents, and Petitioner has appealed that decision to the Board of Immigration Appeals.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)    The petition for a writ of habeas corpus, docket no. 1, is DENIED.

(2)    The Clerk is DIRECTED to enter judgment consistent with this Order, to send a copy of this Order to all counsel of record, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 24th day of March, 2026.

_____
Thomas S. Zilly
United States District Judge

ORDER - 6